UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINALD VALENTINE,

    Plaintiff,

-against-

MCCANN WORLDGROUP, LLC, MCCANN RELATIONSHIP MARKETING, INC., THE INTERPUBLIC GROUP OF COMPANIES, INC., and CLIFFORD LOPEZ,

    Defendants.

Case No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff REGINALD VALENTINE ("Plaintiff" or "Valentine"), by and through his attorneys, SERRINS FISHER LLP, alleges against MCCANN WORLDGROUP, LLC ("Defendant Worldgroup"), MCCANN RELATIONSHIP MARKETING, INC. ("Defendant MRM"), THE INTERPUBLIC GROUP OF COMPANIES, INC. ("Defendant IPG") (Defendants Worldgroup, MRM, and IPG are collectively the "Corporate Defendants" or the "Company"), and Clifford Lopez ("Defendant Lopez" or the "Individual Defendant") (the Corporate Defendants and Defendant Lopez are collectively "Defendants") as follows:

**JURISDICTION AND VENUE**

1. Plaintiff is a resident of the State of New Jersey.

2. Jurisdiction of this Court is proper under 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States. Supplemental jurisdiction over Plaintiff's city law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) in that the Corporate Defendants maintain offices and conduct business in this district. Plaintiff was employed by Defendants in this district.

## NATURE OF THE ACTION

4. Plaintiff brings this action to challenge Defendants' practice of race and color discrimination in the terms, conditions, and privileges of his employment in violation of 42 U.S.C. § 1981 ("Sec. 1981") and the Administrative Code of the City of New York, § 8-101 *et seq.* ("City Law"). Pursuant to § 8-502(c) of City Law, within ten (10) days of the filing this Complaint with the Court, Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and on the Corporation Counsel for the City of New York.

## FACTUAL ALLEGATIONS

### *The Parties*

5. The Company is a global digital and direct marketing agency with 32 offices in 22 countries.

6. Defendant Worldgroup is a foreign limited liability company organized and existing under the laws of the State of Delaware, and it conducts and maintains a business in the State of New York at 622 Third Avenue, New York, New York 10017.

7. Defendant MRM is a domestic business corporation organized and existing under the laws of the State of New York, and it maintains its principal place of business at 622 Third Avenue, New York, New York 10017.

8. Defendant IPG is a foreign business corporation organized and existing under the laws of the State of Delaware, and it conducts and maintains a business in the State of New York at 622 Third Avenue, New York, New York 10017.

9. Defendant Lopez is employed by the Corporate Defendants as Chief Technology Officer.

10. Plaintiff worked for Defendants as SVP of Operations, Program Management from January 5, 2015 to September 28, 2015.

11. Defendant Lopez directly supervised Plaintiff from July 1, 2015 through Plaintiff's termination of employment.

12. As Plaintiff's supervisor, Defendant Lopez made decisions and exercised control with regard to Plaintiff's terms and conditions of employment.

13. Defendant Lopez made the decision to terminate Plaintiff or recommended that Plaintiff be terminated based on discriminatory animus on account of Plaintiff's race and/or color.

14. Defendant Lopez may be held individually liable under City Law given that Defendant Lopez exercised supervisory control over Plaintiff and had the power to do more than carry out personnel decisions made by others.

15. City Law § 8-107 (1) (a) makes it unlawful for "an employer *or an employee or agent thereof* . . . to discriminate against [a protected individual] in compensation or in terms, conditions or privileges of employment."

16. Defendant Lopez may also be held individually liable under the City Law in his capacity as an "employee" or "agent" of the Company.

17. Plaintiff is a black individual of African American race.

18. Plaintiff has worked in the digital industry as a project manager and team lead for approximately 20 years.

19. During this time, he has proven himself a leader and motivator with an extensive track record of fostering talent and building successful teams.

20. Adept at leading organizations in the implementation of project management processes that foster brainstorming, sound architecture, and collaboration, he is known for developing teams that launch projects and deliver key performance goals on-time and within budget.

### *Plaintiff's Employment with Defendants*

21. In his capacity as SVP of Operations, Program Management for Defendants, Valentine was first tasked with creating and centralizing project management processes and providing structure to and building project management teams in the Company's New York City office.

22. Throughout Plaintiff's employment with Defendants, Plaintiff was qualified for his position and performed his job duties in a satisfactory or better manner.

23. Plaintiff was consistently praised Plaintiff for his vision, exceptional work, and effective leadership.

24. Within months of hire, Plaintiff implemented within the New York City project management department processes to improve the Company's client-based teams, a logical management hierarchy, and centralized processes and procedures.

25. On or about July 1, 2015, the Company gave Plaintiff responsibility to replicate the same changes in the Company's Princeton, New Jersey office. Valentine successfully did so.

*<u>Defendants' Discriminatory Conduct and Termination of Plaintiff Based on Race/Color</u>*

26. During Plaintiff's employment with Defendants, Plaintiff was subjected to comments of a discriminatory nature.

27. On one occasion he was told that the New York City office needed to more closely mirror that of the Princeton office, which was predominantly white.

28. On another occasion on or about September 10, 2015, during a meeting with Valentine and five (5) project managers, Defendant Lopez stated in sum and substance that "You may be doing a great job, but the color of your skin makes people think otherwise."

29. A mere two (2) weeks after the September 10th meeting, on September 28, 2015, Defendants terminated Valentine (effective October 2, 2015) and another black employee, Reginald Sutton.

30. Upon information and belief, Valentine was promptly replaced with a white employee.

31. Defendants terminated Plaintiff because of his race and/or color.

32. At all times relevant hereto, Defendants acted with knowledge that they were violating federal (Sec. 1981) and City Law. Defendants engaged in this conduct purposely and with intent to harm Plaintiff.

**FIRST CLAIM FOR RELIEF**

**(Sec. 1981 Violations for Race and Color Discrimination Against all Defendants)**

33. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

34. By the acts and practices described above, Defendants discriminated against Plaintiff in violation of Sec. 1981(c).

35. Sec. 1981 provides in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens..." 42 U.S.C. § 1981(a).

36. Section 1981(c) and the Fourteenth Amendment to the U.S. Constitution protect "all persons" against "nongovernmental discrimination."

37. Defendants systematically, adversely, and purposefully created a discriminatory work environment against Plaintiff based on race and/or color.

38. Defendants knew that their actions constituted discrimination and willfully disregarded Plaintiff's statutorily protected rights.

39. Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendants' discriminatory conduct.

## SECOND CLAIM FOR RELIEF

**(City Law Violations for Race and Color Discrimination Against all Defendants)**

40. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

41. City Law makes it unlawful to use a person's "race" or "color" as a basis to "discriminate against such person in compensation or in terms, conditions or privileges of employment."

42. By the acts and practices described above, Defendants subjected Plaintiff to less well treatment based on his membership in a protected class.

43. Defendants knew their actions constituted discrimination. Thus, Defendants willfully disregarded Plaintiff's statutorily protected rights.

44. Plaintiff is now suffering mental anguish, pain, suffering and monetary damages as a result of Defendants' discrimination under City Law.

[no more text on this page]

Case 1:16-cv-00409-DAB   Document 1   Filed 01/19/16   Page 7 of 8

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Back pay;

C. Prejudgment Interest;

D. Punitive damages,

E. Mental anguish and pain and suffering damages sustained as a result of Defendants' discriminatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any other relief the Court deems just and proper.

Dated: January 19, 2016
      New York, New York

                         Respectfully submitted,

                         *[signature]*

                         Liane Fisher, Esq. (LF-5708)
                         Michael Taubenfeld, Esq. (MT-4640)
                         SERRINS FISHER LLP
                         233 Broadway, Suite 2340
                         New York, New York 10279
                         Phone: (212) 571-0700
                         Facsimile: (212) 233-3801
                         *ATTORNEYS FOR PLAINTIFF*